Molly C. Brown
Margaret Simonian
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: 277-5400
Fax: 277-9896
Email: molly@dillonfindley.com
meg@dillonfindley.com
Attorneys for Plaintiffs

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

JOAN WILSON and
PAUL FRANKE, M.D.,

Plaintiffs,

vs.

ALASKA NATIVE TRIBAL HEALTH CONSORTIUM; ANDREW TEUBER; and ROALD HELGESEN,

Defendants.

Case No. 3:16-cv-00195-JWS

**PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Joan Wilson and Dr. Paul Franke, allege and swear as follows:

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 1 of 22

Case 3:16-cv-00195-TMB Document 28-2 Filed 09/11/18 Page 1 of 22

## Jurisdiction and Venue

1. This Complaint asserts claims under state law. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332.

2. Venue is proper in the District of Alaska under 28 U.S.C. § 1391(b) and (c).

## Parties

3. From September 1, 2014 until May 6, 2016, Joan Wilson worked as the Chief Ethics and Compliance Officer, Ethics and Compliance Services, within Alaska Native Tribal Health Consortium's ("ANTHC") office of the Chief Executive Officer. ANTHC, Roald Helgesen, and Andrew Teuber fired Ms. Wilson on May 6, 2016, in retaliation for complaining internally about various violations of ANTHC policy and the law. Ms. Wilson has intimate knowledge of the day-to-day operations and ANTHC's compliance with its own policies, and state and federal laws.

4. From January 2013 until June 7, 2016, ANTHC employed Dr. Paul Franke as the Chief Medical Officer at the Alaska Native Medical Center ("ANMC"). Dr. Franke also worked as the interim ANMC hospital administrator from April 2013 through October 2013. As such, Dr. Franke has intimate knowledge of ANTHC and ANMC, including day-to-day operations of ANMC and the

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 2 of 22

billing practices. Dr. Franke's contract with ANTHC was terminated and not renewed as a result of his complaints about ANTHC's violations of internal policies, and state and federal law.

5. ANTHC is an Alaska nonprofit corporation in good standing in Alaska. ANTHC is also a Tribal Organization and inter-Tribal consortium of federally recognized Alaska Tribes and Tribal Organizations. ANTHC provides health care to approximately 160,000 Alaska Natives, American Indians, Indian Health Services beneficiaries and other individuals eligible to receive care and services at ANMC. ANTHC is also a Federal Qualified Health Center.

6. Roald Helgesen is ANTHC's Chief Executive Officer and Hospital Administrator.

7. Andrew Teuber is ANTHC's president, Mr. Helgesen's direct supervisor, and oversees executive functions undertaken by Mr. Helgesen.

**Background**

8. Medicare is a federally funded program, 42 U.S.C. § 1395j *et seq.*, which provides medical care based on age, disability, or affliction with disease. Medicare Part B governs reimbursement for medically necessary services furnished by

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 3 of 22

health care providers such as doctors. 42 U.S.C. §§ 1395j-1395w-4. Medicare will not pay for treatments that are not administered for the appropriate reason by the appropriate treating provider.

9. Under Medicare, "no payment may be made under . . . Part B . . . for any expenses incurred for items or services – which . . . are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member." 42 U.S.C. § 1395y(a)(1)(A).

10. Physicians who participate in the Medicare program are reimbursed at a rate outlined in a physician's fee schedule, in accordance with federal statutes and regulations.

11. ANTHC employs doctors and other health care providers that provide federally-funded health services, including services that are billed and paid under Medicare.

12. ANTHC employs doctors and other health care providers that provide federally-funded health services, including services that are billed and paid under Medicaid.

13. Medicaid is an entitlement program created by the United States Government, and is the primary public program for financing basic health and long-term care services for low-income Alaskans. Traditionally, in Alaska, Medicaid is funded

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 4 of 22

50% by the State of Alaska, and 50% by the United States Government. However, by and through the Indian Health Care Improvement Act, the Medicaid funds at issue in this case are 100% paid by the Federal Medical Assistance Percentage for Medicaid Services. As such, the Medicaid funds at issue in this case are federal funds only. Medicare will not pay for treatments that are not administered for the appropriate reason by the appropriate treating provider.

14. ANTHC receives significant revenue from Medicare and Medicaid.

15. The Center for Medicare and Medicaid Service ("CMS"), part of the Department of Health and Human Services, administers the Medicare program. CMS is authorized by Congress, per 42 U.S.C. § 1395w-4(c)(5), to establish a uniform code for identifying physicians' services for use in completing Medicare and Medicaid claim forms.

16. CMS utilizes a Healthcare Common Procedure Code System, which is divided into two principal systems referred to as Level I and Level II. Level I is a numeric coding system established by the American Medical Association called "Current Procedural Terminology," or "CPT" that is a common language for coding physician services and procedures for the purpose of

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 5 of 22

seeking Government funds through reimbursement under Medicare and Medicaid.

17. To participate in Medicare and Medicaid, providers, and entities like ANTHC, must assure that their services are provided to Medicare and Medicaid patients economically and only when and to the extent they are medically necessary.

18. This includes the general principle that medical advice and treatment must be motivated by the patient’s best interest, not an entity’s financial interest.

19. In fact, in order to bill the Government through Medicare, a health care provider must sign the CMS 1500 form, which includes a certification that the services were medically indicated and necessary for the health of the patient, and were personally furnished by the physician or the physician’s employee, under the physician’s direction. A similar certification is required on a Medicaid form.

20. ANTHC employs physicians who work at ANMC. ANTHC provides the billing for the services performed by its employees and contractors.

21. During Ms. Wilson’s and Dr. Franke’s tenure at ANTHC, they both observed the day-to-day operations of ANMC, as well as the business practices of ANTHC. Ms. Wilson and Dr. Franke also

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS’ REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 6 of 22

personally interacted on a daily basis with ANTHC leadership and decision-makers, including the ANTHC general counsel, Nacole Heslep, Mr. Helgesen, Mr. Teuber, and other ANTHC Board of Directors. The allegations herein are based on Ms. Wilson's and Dr. Franke's personal observations and documents in support of the same.

**Facts Related to Billing**

22. ANTHC is in violation of the Alaska Tribal Billing Manual for Medicaid Services, which prevents ANMC from billing for pharmaceuticals dispensed incident to an outpatient visit. Specifically, ANMC bills through its Pharmacy Medicaid Enrollment Number for infusion drugs dispensed during an outpatient visit. In a form of double billing, ANTHC also includes the expense of these drugs in the cost reports used to calculate the Indian Health Services encounter rate for outpatient visits.

23. In addition to billing for drugs included in an outpatient visit and calculating an encounter rate that also includes those costs, ANTHC and ANMC bills Medicare and Medicaid for oncology visits where care is provided solely by registered nurses, an ineligible provider under both programs. As Chief Ethics and Compliance Officer, Ms. Wilson was personally aware

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 7 of 22

of these practices and repeatedly attempted to reverse these practices. Ms. Wilson repeatedly brought these issues to the attention of ANTHC and Mr. Helgesen. Claiming the resolution was under the auspices of the General Counsel's office, which took years to resolve compliance billing concerns, ANTHC and Mr. Helgesen, and Mr. Teuber refused to alter their practices.

24. The above-described practices by ANTHC have been ongoing for at least five years. Mr. Helgesen and Mr. Teuber were well-aware of the practices and approved delaying response to the same. During such time ANTHC continued to bill for nursing visits. As a result, ANTHC has received overpayments from the federal Government.

25. During Dr Franke's first months at ANTHC, while working as the ANMC Director, Dr. Franke looked into ANMC's revenue cycle to verify revenues from federal and state payers.

26. Dr. Franke's efforts included reviewing documents that support the services provided. In what he considers a "minor review," over a short period of time, Dr. Franke identified $7 million in services that ANTHC inappropriately billed and for which funds were collected, as the services provided were not appropriately authenticated by providers. This is because ANTHC billed for services in advance of ensuring appropriate coding

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 8 of 22

for those services. Essentially, ANTHC billing personnel billed for unsigned orders. ANTHC billed for this type of unauthenticated order from 2010-2013 in an amount that totaled millions of dollars. Dr. Franke discussed these issues with Mr. Helgesen and with the other ANTHC executives. Mr. Helgesen and Mr. Teuber were aware of these issues, including that Dr. Franke and Ms. Wilson were concerned that the billing practices violated the law.

27. In addition to orders entered by non-privileged residents, Ms. Wilson also discovered that admission orders for newborns were entered by nurses, but were never approved by physicians or nurse midwives with admitting privileges. This practice began at the implementation of a new electronic medical record program and ended on August 28, 2014. Ms. Wilson worked to get ANTHC and ANMC to end the practice of billing for non-authenticated visits, but could not get ANTHC or ANMC to return the overpayments. Mr. Helgesen, Mr. Teuber and Ms. Heslep were aware of the unauthenticated visits but took no action to identity the issue with CMS or the Office of Inspector General of the Department of Health and Human Services. Mr. Helgesen, Mr. Teuber and others took no action to return funds received as a result of the improper billing practices.

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 9 of 22

Case 3:16-cv-00195-TMB Document 28-2 Filed 09/11/18 Page 9 of 22

28. These practices are still occurring today. For example, EKG services are billed without a signed order by a provider. As a result, ANTHC and ANMC have billed for and received payment for services that have been approved by medical assistants and other non-qualified personnel, but not a physician or an authorized provider, all in violation of federal laws and regulations.

**Facts Related to Double Billing**

29. ANMC provides reference laboratory and radiology services within the Alaska Tribal Health System. ANTHC and ANMC have failed to develop an appropriate financial protocol for billing. Mr. Helgesen and Mr. Teuber are well-aware of these issues, and have taken no steps to stop the improper billing practices.

30. Because there is not an appropriate billing protocol, ANTHC and ANMC have billed for reference laboratory services absent orders or appropriated signed requisitions in the place of orders. Moreover, ANTHC and ANMC and the referring tribal facility have billed Medicare and Medicaid for the same ordered services. This practice also takes place in radiology where ANTHC and ANMC and the referring tribal health facility are billing for the same reads and services. Mr. Helgesen and

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 10 of 22

Mr. Teuber are aware of these issues and have taken no steps to stop the improper billing practices.

31. ANTHC and ANMC also double bill due to an electronic health record system problem, where ANTHC and ANMC generate a new encounter number when a patient moves from one level of care to the next. For example, when a patient in the Intensive Care Unit at ANMC is transferred to a lower level of care, the patient's orders are all reentered and rebilled. In this instance, orders are reinitiated and, if not properly included in the encounter rate, billed. ANTHC is well-aware of this problem because physicians at ANMC and ANTHC consistently complain about it. This practice is evidenced by the duplicate ventilator charges for the same patient on the same day or charges on days the service was not provided. Mr. Helgesen and Mr. Teuber are aware of these issues and have taken no steps to stop the improper billing practices.

**Facts Related to Inappropriately Received Meaningful Use Funds**

32. An external consultant's analysis of the security of ANTHC's electronic medical health record system and supporting technology established that ANTHC must, on a timely basis, undertake 182 action items to meet the Meaningful Use requirements for an effective, integrated medical record for

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 11 of 22

which ANTHC has already received Medicare and Medicaid incentive payments on behalf of the hospital and enrolled providers. ANTHC has not taken the necessary action to satisfy the Meaningful Use requirements. In fact, Mr. Helgesen and Mr. Teuber are both aware of these issues and have taken no steps to satisfy the Meaningful Use requirements.

33. Meaningful Use requires that known deficiencies must be addressed within the attestation period subject to the receipt of funds. Ms. Wilson tried to make funding for correction of these deficiencies a priority. Ms. Wilson talked to Mr. Helgesen who reported her concerns to Mr. Teuber. Ms. Wilson was informed any extension of the electronic records systems to other tribal health entities would not be delayed to resolve these deficiencies. Ms. Wilson knows that is true because Mr. Helgesen told her Mr. Teuber directed Mr. Helgesen to ignore the significant security concerns.

34. Even if funding was received, ANTHC security priorities were demoted in importance for expansion of the electronic health record to other tribal health systems, thereby creating vulnerability for the electronic health records of over 160,000 Alaska Native and American Indian beneficiaries. Mr. Helgesen and Mr. Teuber were directly involved in this decision to fund

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 12 of 22

the extension, but provide de minimus and ineffective funding to resolve the security concerns.

35. As a result of all of this, ANTHC improperly received Meaningful Use funds in an amount that exceeds $20 million.

**Facts Related to Generally Improper Billing Practices**

36. Mr. Helgesen has admitted to Ms. Wilson that he agrees with her assessment that while ANTHC has been committed to the expansion of services, it has failed to make the necessary operational changes and capital support to support the expansion. This includes not only the failure to develop appropriate procedures and technical fixes to stop inappropriate billing, but the failure to foresee and timely address the numerous billing issues its expansion has caused not only for ANTHC but for other tribal providers. For example, ANTHC and ANMC inappropriately bill for pharmaceuticals dispensed incident to outpatient visits, causing similar billing problems related to tribal facilities connected to the shared electronic health record system. Ms. Wilson attempted to stop these inappropriate billing practices, and urged ANTHC to return, report and repay overpayments that ANTHC wrongfully retained. Mr. Helgesen and Mr. Teuber were aware of her objections. In fact, Mr. Helgesen

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 13 of 22

Case 3:16-cv-00195-TMB Document 28-2 Filed 09/11/18 Page 13 of 22

and Mr. Teuber buried Ms. Wilson's draft compliance plan, designed to remedy billing concerns.

37. Prior to being terminated, Ms. Wilson investigated issues related to the use of the automatic dispensing of pharmaceutical drugs through a program called Pyxsis MedStation. The program is not working properly in connection with ANMC's electronic health records system. For example, professionals often enter drug dispensing orders for three patients. Because Pyxsis and ANMC's electronic health record system are not compatible, one patient is charged for all three drugs, while other patients are not charged at all. The system is also susceptible to fraud. Ms. Wilson informed Mr. Helgesen of her investigation, including the following issues (which have been identified and documented by ANTHC): (1) late charges are being posted to patient's accounts when the documentation in the patient's health records do not support the charges; (2) "dummy patients" are created to pull stock quickly; and (3) machines are not locked and alarms are disarmed, which allows staff to pull stock and supplies without recording orders.

38. Ms. Wilson and Dr. Franke know that ANTHC and ANMC are inappropriately billing for services provided off campus under eligible billing numbers. This includes billing for services

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 14 of 22

provided at the ANTHC new outpatient surgery center, which is well outside the bounds of the ANMC campus. Ms. Wilson learned that ANTHC was likely (1) billing for physical therapy services that were not provided during inpatient care for critical care patients; (2) upcoding the facility fee provided for Emergency Room services by identifying a level of care that was not provided; (3) impermissibly billing anesthesia charges for in-room/out-room times rather than the start time and stop time of surgeries; (4) diverting funds that should be available for tribal health care by allowing first class travel and double and triple booking of flights for Andy Teuber, other ANTHC Board members and others personally selected for these fringe benefits, all in violation of ANTHC policy and Internal Revenue Service regulations; and (5) not returning overpayments for medical services ordered by either non-privileged or improperly supervised physician assistants. Mr. Helgesen and Mr. Teuber are aware of these improper billing practices, and have taken no action to stop them, or to notify the Government regarding the same.

**Facts Related to Employment Claims – Ms. Wilson**

39. ANTHC terminated Ms. Wilson on May 6, 2016. Ms. Wilson was wrongfully terminated because she voiced her concerns,

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 15 of 22

including those outlined above, regarding ANTHC's failure to abide by federal and state laws, and regulations and internal policies. Two days before Ms. Wilson's termination, and at the request of Southcentral Foundation's Compliance Officer Fran Arsenaeu, Ms. Wilson hand-delivered a Medicaid billing concern regarding the Kodiak Area Native Association (for which Mr. Teuber serves as the Chief Executive Officer). Mr. Helgesen was upset about Ms. Wilson's decision to submit the billing concern.

40. Ms. Wilson expressed concerns to Mr. Helgesen about ANTHC's failure to correct its unlawful billing practice and treatment of Meaningful Use funds and its unwillingness to correct several extreme security deficiencies with the hospital's electronic health record system. Ms. Wilson was ultimately terminated after notifying Ms. Heslep and Mr. Helgesen that she objected to being wrongfully excluded from a meeting called to create new Medicaid billing opportunities and to ANTHC's purported attempt by ANTHC to claim the attorney-client privilege precluded disclosure of a study that established serious concerns over ANTHC's ability to protect health information maintained by the organization and its tribal partners.

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 16 of 22

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

41. Ms. Wilson notified Mr. Helgesen and Ms. Heslep regarding her concerns on May 2, 2016 and May 3, 2016. ANTHC terminated Ms. Wilson three days later. ANTHC, through its leadership, also precluded Ms. Wilson from meeting with the Ethics and Compliance Committee of the Board, to which Ms. Wilson was to have dotted line authority. Ms. Wilson's attempts to contest her termination and seek reinstatement from the full Board, were blocked by Ms. Heslep (despite a direct conflict), and other members of ANTHC's Board of Directors who received additional Board assignments and compensation by staying in Mr. Teuber's good graces. In fact, Ms. Wilson's attempt to resolve her employment issues administratively were thwarted by Mr. Teuber, who, in concert with Mr. Helgesen, approved Ms. Wilson's termination. Mr. Teuber and Mr. Helgesen worked in concert on employment decisions. Mr. Helgesen sought Mr. Teuber's approval of any employment decision against ANTHC or ANMC executives, including Garland MacDonald, Farah Madhani-Lovely, M.D., Iris Grey, Manon Demientieff, Paul Franke, M.D., Memry Dahl, Mary Ford, Tracy Runyan-Traylor, and Patty Paris, M.D.

42. Following Ms. Wilson's termination, Ms. Wilson attempted to obtain employment in private practice. For at least

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 17 of 22

five months, Ms. Heslep and others made false and potentially defamatory remarks regarding Ms. Wilson's tenure at ANTHC, including by failing to provide a general reference unless Ms. Wilson signed a waiver and release, and by providing misleading information regarding Ms. Wilson's work at ANTHC.

**Facts Related to Employment Claims – Dr. Franke**

43. Dr. Franke received notice in early June that his ANTHC contract would not be extended. This decision was made by ANTHC, acting by and through Mr. Helgesen and Mr. Teuber. Dr. Franke applied to work at ANTHC through a locum tenens contract, where Dr. Franke could work at ANMC on a short term or part-time basis. ANMC is significantly understaffed, and Dr. Franke is over qualified to work at ANMC. Despite this, Mr. Helgesen and Mr. Teuber precluded Dr. Franke from working at ANMC.

**Count I – Retaliatory Discharge in Violation of False Claims Act**
**(ANTHC, ROALD HELGESEN AND ANDREW TEUBER)**

Ms. Wilson and Dr. Franke incorporate paragraphs 1 through 43 as if fully set forth herein and further allege as follows:

44. By making good faith reports of improper acts and compliance issues, both Ms. Wilson and Dr. Franke engaged in activity protected by the False Claims Act.

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 18 of 22

45. ANTHC, Mr. Helgesen, and Mr. Teuber were aware of Ms. Wilson's and Dr. Franke's complaints and had been for a significant period of time.

46. Ms. Wilson was wrongfully terminated in retaliation for engaging in that protected activity.

47. ANTHC, Mr. Helgesen, and Mr. Teuber failed to extend or continue Dr. Franke's contract for services in retaliation for engaging in protected activity.

48. ANTHC's, Mr. Helgesen's, and Mr. Teuber's wrongful retaliation violated the False Claims Act and caused Ms. Wilson and Dr. Franke to suffer damages in excess of $100,000.00, the precise amount to be determined at trial.

49. Ms. Wilson and Dr. Franke are entitled to all relief afforded to them under the False Claims Act.

**Count II – Wrongful Termination**
**(ANTHC)**

Ms. Wilson and Dr. Franke incorporate paragraphs 1 through 49 as if fully set forth herein and further allege as follows:

50. The actions by ANTHC, Mr. Helgesen, and Mr. Teuber, including retaliating and terminating Ms. Wilson's employment and Dr. Franke's contract, constitute the tort of wrongful

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 19 of 22

Case 3:16-cv-00195-TMB Document 28-2 Filed 09/11/18 Page 19 of 22

termination in violation of the public policy of the State of Alaska.

51. As a result of ANTHC's, Mr. Helgesen's and Mr. Teuber's wrongful termination in violation of public policy, Ms. Wilson and Dr. Franke suffered damages in excess of $100,000.00, the precise amount to be determined at trial.

**Count III – Breach of Covenant of Good Faith and Fair Dealing (ANTHC)**

Ms. Wilson and Dr. Franke incorporate paragraphs 1 through 51 as if fully set forth herein and further allege as follows:

52. In Alaska, all employment relationships contain an implied covenant of good faith and fair dealing.

53. ANTHC, through Mr. Helgesen and Mr. Teuber breached the covenant of good faith and fair dealing when it terminated Ms. Wilson and Dr. Franke without cause and in retaliation after they reported violations of state and federal law and internal policy and exposed compliance issues.

54. As a result of ANTHC's, Mr. Helgesen's and Mr. Teuber's breach of the covenants of good faith and fair dealing, Ms. Wilson and Dr. Franke suffered damages in excess of $100,000.00, the precise amount to be determined at trial.

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 20 of 22

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

**Count IV – Vicarious Liability**

Ms. Wilson and Dr. Franke incorporate paragraphs 1 through 54 as if fully set forth herein and further allege as follows:

55. ANTHC is vicariously liable for the acts and omissions of its employees, contractors and/or staff.

56. To the extent that any ANTHC and its contractors and/or staff violated state or federal law, ANTHC is vicariously liable.

**Jury Demand**

Ms. Wilson and Dr. Franke demand a jury trial.

**Prayer for Relief**

WHEREFORE, Ms. Wilson and Dr. Franke demand and pray that judgment be entered in their favor against ANTHC, Mr. Helgesen, and Mr. Teuber, as follows:

1. That Ms. Wilson and Dr. Franke be awarded all available damages, including actual, consequential, statutory, special and punitive damages;

2. That pre and post-judgment interest be awarded, along with reasonable attorney's fees, costs and expenses incurred by Ms. Wilson and Dr. Franke in bringing this case;

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 21 of 22

3. That this Court award such other relief as it deems proper.

DATED this 11th day of September 2018, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.
Attorneys for Plaintiffs

By: s/Molly C. Brown
Molly C. Brown, ABA No. 0506057
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: 277-5400
Fax: 277-9896
Email: molly@dillonfindley.com

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2018 a copy of the foregoing Plaintiffs' Revised Second Amended Complaint and Demand for Jury Trial was served electronically through the CM/ECF system on Nicholas C. Perros, Richard L. Pomeroy, and Richard D. Monkman.

s/Molly C. Brown

PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Joan Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-JWS Page 22 of 22

Case 3:16-cv-00195-TMB Document 28-2 Filed 09/11/18 Page 22 of 22