Richard D. Monkman
Alaska Bar No. 8011101
rdm@sonosky.net
Kendri M. M. Cesar
Alaska Bar No. 1306040
kendri@sonosky.net
Whitney A. Leonard
Alaska Bar No. 1711064
whitney@sonosky.net
Sonosky, Chambers, Sachse,
  Miller & Monkman, LLP
302 Gold Street, Suite 201
Juneau, Alaska 99801
Telephone:    907.586.5880
Facsimile:    907.586.5883

Robert P. Lynch
Alaska Bar No. 1305020
rplynch@anthc.org
Senior Legal Counsel
Alaska Native Tribe Health Consortium
4000 Ambassador Drive,
Anchorage, Alaska 99503
Telephone:    907.729.8218
Facsimile:    907.729.2005

Counsel for Alaska Native Tribal Health
  Consortium

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOAN WILSON and PAUL FRANKE, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> ALASKA NATIVE TRIBAL HEALTH CONSORTIUM, <br><br> Defendant. | **DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO AMEND** <br> **[DKT. 21]** <br><br> Case No. 3:16-cv-00195-TMB |

Def's Supp. Opposition Memo/Motion to Amend [Dkt 21]                                Page 1 of 5
*Wilson et al v. ANTHC,* Case No. 3:16-cv-00195-TMB

Case 3:16-cv-00195-TMB   Document 29-1   Filed 09/14/18   Page 1 of 5

Plaintiffs Wilson and Franke in their *Reply* propose yet another amended complaint. This version is titled "*Revised Second Amended Complaint*." Dkt. 28-2. This is actually plaintiffs' *fourth* complaint on file with the Court.[1] Because the Court is considering a pleading not presented in plaintiffs' *Motion to Amend*, Dkt. 21, and because defendant Alaska Native Tribal Health Consortium did not have the opportunity to respond to this latest iteration before filing its *Opposition*, Dkt. 24, ANTHC requests that the Court consider this supplemental response. Local Rule 7(i)(1)[a].

### A. Count I (False Claims Act retaliation).

ANTHC continues to oppose plaintiffs' proposed amendment to Count I, which like the previous version would add two ANTHC administrators as individual defendants. *See Second Amended Complaint*, Dkt. 21-1, pp. 18-19, and *Revised Second Amended Complaint*, Dkt. 28-2. ANTHC stands on the arguments made in its *Opposition*, Dkt. 24, pp. 4 – 9. This issue requires resolution by the Court. Fed.R.Civ.P. 15(a)(2).

### B. Counts II and III (wrongful termination and breach of the covenant).

There are no material differences between the most recent versions of these Counts. The *Second Amended Complaint* and the *Revised Second Amended Complaint* both add the names of two ANTHC administrators to the text. Unlike Count I, however, the newest versions of Count II or III do not name the administrators as individual defendants nor allege any cause of action against them as individuals: these Counts are brought against ANTHC alone. ANTHC stands on the argument made regarding these Counts in its *Opposition*.[2]

---

[1] *See Complaint*, Dkt. 1; *First Amended Complaint*, Dkt. 15; proposed *Second Amended Complaint*, Dkt. 21-1; and proposed *Revised Second Amended Complaint*, Dkt. 28-2.

[2] Dkt. 24, p.10, FN 37 ("Count IV identifies the defendants it is brought against as "ANTHC, Roald Helgesen and Andrew Teuber." Dkt. 21-1 at 21. By contrast, Count II, alleging "the tort

Def's Supp. Opposition Memo/Motion to Amend [Dkt 21]    Page 2 of 5
*Wilson et al v. ANTHC,* Case No. 3:16-cv-00195-TMB

Case 3:16-cv-00195-TMB   Document 29-1   Filed 09/14/18   Page 2 of 5

**C. Count IV (tortious interference with contract).**

In their initial *Complaint*, this Count was brought against ANTHC alone. Dkt. 15 at 16. The proposed *Second Amended Complaint*, by contrast, names two ANTHC administrators as individual defendants. Dkt. 21-1 at 21. ANTHC opposed in depth and at length, noting four solid, independent reasons to deny the amendment. *See*, *Opposition*, Dkt. 24, pp. 9 – 24.

Plaintiffs now "agree to dismiss Count IV." Dkt. 28, at 7 ("The Plaintiffs will dismiss their claim for intentional interference with contractual relations, and remove it from the Second Amended Complaint."). ANTHC agrees that plaintiffs should be granted leave to drop this Count from their complaint.

**D. Conclusion.**

ANTHC agrees that plaintiffs should be granted leave and directed to file a *Second Amended Complaint* in this matter, but as follows:

**1. Count 1.** Amendment adding the two administrators as individual defendants to Count I, False Claims Act retaliation, should be <u>denied</u>, based on the arguments in ANTHC's *Opposition*, Dkt. 24, pp. 4 – 9.

**2. Count IV**. Amendment deleting Count IV, contract interference, should be <u>granted</u>, both because plaintiffs have consented to doing so and for the reasons expressed in ANTHC's *Opposition*, Dkt. 24, pp. 9 - 24.

---

of wrongful termination" under Alaska law, is only brought against "ANTHC." Dkt. 21-1 at 19-20. The arguments presented regarding plaintiffs' Count IV tort claim would apply equally to the Count II tort claim, had plaintiffs asserted that claim against the individuals. Count III, "breach of the covenant of good faith and fair dealing," appears to be a State law contract claim and, again, is only brought against "ANTHC," plaintiffs' employer *Id*. at 20. No privity of contract with the individuals is alleged. If Count III is meant as a tort claim, that claim also may only be brought under the FTCA.").

Def's Supp. Opposition Memo/Motion to Amend [Dkt 21]    Page 3 of 5
*Wilson et al v. ANTHC,* Case No. 3:16-cv-00195-TMB

Case 3:16-cv-00195-TMB   Document 29-1   Filed 09/14/18   Page 3 of 5

3. **Counts II and III**. ANTHC maintains its position on the other Counts as expressed in the *Opposition*, Dkt. 24, p.10, FN 37.

4. **Fees and Costs.** ANTHC requests that the Court award its fees and costs in researching and drafting the fifteen pages of briefing in the *Opposition* required to explain the multiple, irreparable flaws of Count IV.[3] Plaintiffs have no excuse for taking the Court's time and causing ANTHC unnecessary expense in dealing with this patently futile claim.

DATED this 14th day of September, 2018, at Juneau, Alaska.

SONOSKY, CHAMBERS, SACHSE, MILLER & MONKMAN, LLP

By: /s/ Richard D. Monkman
Richard D. Monkman,
Alaska Bar No. 811101
rdm@sonosky.net
302 Gold Street, Suite 201
Juneau, Alaska 99801
Telephone: 907.586.5880
Facsimile: 907.586.5883

ALASKA NATIVE TRIBAL HEALTH CONSORTIUM

Robert P. Lynch,
Alaska Bar No. 1305020
rplynch@anthc.org
Senior Legal Counsel
Alaska Native Tribe Health Consortium
4000 Ambassador Drive,
Anchorage, Alaska 99503
Telephone: 907.729.8218
Facsimile: 907.729.2005

Counsel for Alaska Native Tribal Health Consortium

---

[3] *See*, *e.g.*, *Williams v. Morrow County*, 2015 WL 5785590 (D. Oregon, Sept. 30, 2015) (court has discretion to grant or deny voluntary dismissal of a claim and to set the terms of the dismissal).

Def's Supp. Opposition Memo/Motion to Amend [Dkt 21]  Page 4 of 5
*Wilson et al v. ANTHC,* Case No. 3:16-cv-00195-TMB

Case 3:16-cv-00195-TMB   Document 29-1   Filed 09/14/18   Page 4 of 5

**Certificate of Service**

I certify that on September 14, 2018, a copy of the foregoing document was served via ECF on:

    Margaret Simonian, meg@dillonfindley.com
    Molly C. Brown, molly@dillonfindley.com
    Nicholas C. Perros, nicholas.c.perros@usdoj.gov
    Richard L. Pomeroy, richard.pomeroy@usdoj.gov

By: */s/ Richard D. Monkman*
    Richard D. Monkman

Def's Supp. Opposition Memo/Motion to Amend [Dkt 21]     Page 5 of 5
*Wilson et al v. ANTHC,* Case No. 3:16-cv-00195-TMB

Case 3:16-cv-00195-TMB   Document 29-1   Filed 09/14/18   Page 5 of 5