# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*Wilson, et al. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB

By:     THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

Before the court are two pending motions: the first is Plaintiff's August 15, 2018 Motion to Amend/Correct the Amended Complaint ("Motion for Second Amended Complaint");[1] the second is Defendant's Motion to Allow Supplemental Memorandum in Opposition [to Plaintiff's Motion for Second Amended Complaint] filed September 14, 2018.[2]

The parties fully briefed Plaintiff's Motion for Second Amended Complaint: Defendants filed their Response in Opposition on August 28, 2018,[3] and Plaintiffs then filed a Reply on September 11, 2018.[4] Plaintiffs, however, attached a new version of their amended complaint as an exhibit to their Reply, titled "Plaintiffs' Revised Second Amended Complaint and Demand for Jury Trial."[5]

Plaintiffs correctly assert that the Ninth Circuit applies Fed. R. Civ. P. 15(a)(2) liberally.[6] Leave to amend a complaint is typically freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."[7] However, D. Ak. L.R. 15.1 requires "[a] party who moves to amend a pleading must attach a copy of the amended pleading to the motion." And, D. Ak. L.R. 7.1(b) states that "[a] reply memorandum by the party initiating a motion . . . must be restricted to rebuttal of factual and legal arguments raised in the opposition."

Here, Plaintiffs provided two versions of their proposed amended complaint: one as an exhibit to Motion for Second Amended Complaint,[8] and one with their Reply.[9] Under the local rules, the Court cannot consider Plaintiff's proposed revisions as attached to the Reply. Furthermore, the

---

[1] Dkt. 21.
[2] Footnote.
[3] Dkt. 24.
[4] Dkt. 28.
[5] Dkt .28-2.
[6] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2016) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).
[7] *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2003) ( quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[8] Dkt. 21-1
[9] Dkt. 28-2.

1

Court does not find it appropriate to consider Plaintiff's Motion for Second Amended Complaint as originally filed in light of Plaintiff's later filings.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Amend/Correct the Amended Complaint at docket 21 is **DENIED WITHOUT PREJUDICE.** Plaintiff is directed to refile any motion to amend the complaint with a copy of their proposed amended pleading attached. The Court shall not consider any further revisions or changes to the pleadings until it has ruled upon such a motion.
2. Defendant's Motion to Allow Supplemental Memorandum in Opposition at docket 29 is **DENIED AS MOOT.**

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: October 10, 2018.