Molly C. Brown
Margaret Simonian
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska  99501
Phone: 277-5400
Fax:      277-9896
Email:  molly@dillonfindley.com
            meg@dillonfindley.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOAN WILSON and<br>PAUL FRANKE, M.D.,<br><br>                    Plaintiffs,<br>vs.<br><br>ALASKA NATIVE TRIBAL<br>HEALTH CONSORTIUM; ANDREW<br>TEUBER; and ROALD HELGESEN,<br><br>                    Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No. 3:16-cv-00195-JWS |

## PLAINTIFFS' OPPOSITION TO MOTION TO DISQUALIFY

## I.     INTRODUCTION.

The serious allegations in Docket 33 are unsupported by the Alaska Rules of

Professional Conduct, the facts and the case law, and the recent submission by the

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 1 of 32

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400  ·  FAX (907) 277-9896

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

Department of Justice,[1] confirming that Joan Wilson, one of the plaintiffs in this case, did not represent the United States of America, and did not provide any information protected by the attorney-client privilege.[2]

Even so, the Alaska Native Tribal Health Consortium ("ANTHC") asserts it is entitled to an order from this Court dismissing Ms. Wilson's claims, and disqualifying Dillon & Findley, her lawyers, and another plaintiff, Dr. Paul Franke. This is an extraordinary remedy that should be rejected by this Court.

## II. LEGAL STANDARD.

Alaska Rule of Professional Conduct 1.9 describes the duties an attorney owes its former client, and precludes an attorney who formerly represented a client in a matter from representing another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents. The rule also precludes an attorney from using "confidences and secrets to the disadvantage of a former client" except as allowed under the rules, or "when the information has become generally known."[3] The rule further prevents an attorney from revealing a former client's "confidences and secrets," except as allowed under the rules.[4]

---

[1]     Dkt. 56.

[2]     *Id.*

[3]     Alaska R. Prof. Conduct 1.9(c)(1).

[4]     *Id.* at (c)(2).

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 2 of 32

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Motions to disqualify are subject to strict judicial scrutiny because of the potential for abuse.[5] Disqualification is a drastic measure that is generally disfavored and imposed only when absolutely necessary.[6] The United States Supreme Court has expressed concern at the tactical use of disqualification motions to harass opposing counsel.[7] In a concurring opinion, Justice Brennan described such motions as a "deeply disturbing phenomenon."[8]

No Alaska cases have applied Rule 1.9(a) in the manner asserted by the Alaska Native Tribal Health Consortium ("ANTHC"). Moreover, the facts here establish that while Ms. Wilson worked on a discrete billing issue (one of at least eight issues described as examples of False Claims Act violations in all versions of the complaints[9]) on behalf of ANTHC, she has never represented any party in a substantially related manner that would violate Rule 1.9, and has not disclosed materials that violate the attorney-client privilege.

---

[5]     *Schnider v. Providence Health & Servs.*, No. 3:15-CV-00038-SLG, 2016 WL 158494, at *4 (D. Alaska Jan. 12, 2016); *Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985).

[6]     *Beltran v. Avon Prod., Inc.*, 867 F. Supp. 2d 1068, 1077 (C.D. Cal. 2012) (citing *Optyl Eyewear Fashion Int'l Corp.*, 760 F.2d at 1050).

[7]     *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436, (1985).

[8]     *Id.* at 441 (Brennan, J., concurring).

[9]     Dkts. 1, 15 & 49.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 3 of 32

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

## III.    RELEVANT FACTS.

### A.    Facts Related to Ms. Wilson's Work at Sonosky.[10]

It is undisputed that ANTHC itself publicly disclosed the facts related to its pharmacy billing practice to regulators prior to the filing of Ms. Wilson's complaints, and prior to any work Ms. Wilson completed at Sonosky or ANTHC.  According to ANTHC, it "had received conflicting advice from the State of Alaska's Medicaid program on this issue."[11]  The firm could only have received advice if it had requested the advice, and had explained the issues to regulators.  In fact, the following sworn testimony establishes this:

- Kay E. Maassen Gouwens, a Sonosky partner, avers in her affidavit that ANTHC received advice from "DHSS, Division of Health Care Services regarding Medicaid billing for pharmaceuticals that are injected or otherwise dispensed to patients during their outpatient visits."[12]   According to Ms. Gouwens, "DHSS advises ANTHC that the drugs should be billed as part of the medical claim All Inclusive Rate (AIR) and not out of the pharmacy, even if the drugs are very expensive, that is, in the thousands of dollars range."[13]

- Nacole Heslep, ANTHC's general counsel, explained that the pharmacy matter related to "inconsistent guidance from regulators" ANTHC received, "which potentially impacted other tribal health providers."[14]

The information in the complaint reveals exactly what DHSS already knew through ANTHC – that ANTHC billed for drugs "through its Pharmacy Medicaid

---

[10]    "Sonosky" is Sonosky, Chambers and Sachse.

[11]    Dkt. 33 at 13.

[12]    Dkt. 35 at 3-4, ¶ 7.

[13]    *Id.*

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 4 of 32

Enrollment Number for infusion drugs dispensed during an outpatient visit," and that it included the "expense of these drugs in the cost reports used to calculate the Indian Health Services encounter rate for outpatient visits."[15]  None of the complaints or the documents disclosed to the Department of Justice reveal the advice Ms. Wilson provided to ANTHC, her legal conclusions, or any internal attorney-client or work product protected information.[16]

**B.    Facts Related to Ms. Wilson's Work at ANTHC.**

**September 2014 – April 2016.**  ANTHC hired Ms. Wilson as its Chief Ethics and Compliance Officer ("Ethics Officer") on September 8, 2014.[17]  Ms. Wilson worked as an "at will" employee,[18] governed by various ANTHC policies and state and federal statutes and regulations.  As the Ethics Officer, Ms. Wilson worked at the direction of the CEO to establish and maintain "an effective ethics and compliance program to promote awareness of, and compliance with, ANTHC's values, applicable laws, regulations, policies, procedures and standards."[19]  Ms. Wilson did not represent ANTHC as an attorney at any time during her tenure as ANTHC's Ethics Officer.[20]

---

[14]    Dkt. 37 at 3, ¶ 6.

[15]    Dkt. 49 at 7, ¶ 22.

[16]    Wilson Decl., Dec. 13, 2018 at 5-6, ¶ 7.

[17]    *Id.* at 2, ¶ 2.

[18]    *Id.*

[19]    Exhibit A, Chief Ethics and Compliance Officer Job Description, Dec. 10, 2013.

[20]    Wilson Decl. at 2, ¶ 3.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 5 of 32

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

The ANTHC values Ms. Wilson worked to uphold included those articulated in the ANTHC Code of Conduct, which states, in part, that ANTHC will comply with "state, federal and local laws,"[21] and that ANTHC "will never engage in any business activity that we believe is unethical and illegal."[22]  In fact, several policies, including one signed in 2014 by ANTHC Board of Directors ("Board") Chairman Andy Teuber, state that ANTHC employees are "expected to exercise due diligence in the prevention, detection, and correction of potential compliance issues," including by "promptly" and "candidly" reporting concerns to ANTHC through "appropriate channels."[23]  Employees who make such concerns are protected from retaliation, according to several ANTHC policies.[24]

Ms. Wilson believed her job as the Ethics Officer was separate and apart from the ANTHC's legal department, and conducted herself accordingly.[25]  During her tenure as the Ethics Officer, Ms. Wilson worked under the Code of Ethics for Health Care Compliance Professionals ("HCCP Rules"), widely considered the gold standard for

---

[21]     Exhibit B, ANTHC Code of Conduct, Feb. 2009 at 4.

[22]     *Id.*

[23]     Exhibit C, Compliance Awareness and Reporting, Board Policy No. 01-3007, Oct. 7, 2014 at 2.

[24]     *Id.*; Exhibit B; Exhibit D, Board of Directors Good Faith Reporting and Chain of Command Policy No. 1200, Sept. 1, 2015 at 1.

[25]     Wilson Decl. at 2, ¶ 3.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 6 of 32

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

Ethics Officers.[26]  In fact, ANTHC, like most major health care providers, followed the Office of Inspector General ("OIG") compliance program guidelines, making Ms. Wilson, as the Ethics Officer, separate, independent and not subordinate to ANTHC's general counsel, or most other executives.[27]  This is because of the OIG's directive that

> [f]ree standing compliance functions help to ensure independent and objective legal reviews and financial analyses of the institute's compliance efforts and activities.  By separating the compliance function from the key management positions of general counsel of chief financial officer (where the size and structure of the hospital make this a feasible option), a system of checks and balances is established to more effectively achieve the goals of the compliance program.[28]

During Ms. Wilson's tenure, the billing issues outlined in all of the complaints, including the most recently amended complaint, were addressed in open compliance files.[29]  With respect to the pharmacy billing issue, Gwen Obermiller contacted Ms. Wilson during Ms. Wilson's tenure as the Ethics Officer and requested assistance regarding the billing issues.[30]  Ms. Wilson worked to resolve this issue as the Ethics

---

[26]    *Id.* at 2-3, ¶ 4.

[27]    *Id.*

[28]    Department of Health and Human Services, OIG Compliance Program Guidance for Hospitals, *Federal Register*, Vol. 63, No. 35, Feb. 23, 1998, 8987, at 8993, n.35; *see also* OIG Supplemental Compliance Program Guidance for Hospitals, *Federal Register*, Vol. 70, No. 19, Jan. 31, 2005, 4858, at 4874.

[29]    Wilson Decl. at 4-5, ¶ 6.

[30]    *Id.* at 5-6, ¶ 7.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 7 of 32

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

Case 3:16-cv-00195-TMB   Document 57   Filed 12/13/18   Page 7 of 32

Officer.[31]  In fact, Ms. Obermiller's concerns were part of an ongoing compliance matter, opened by another Ethics Officer in the ANTHC system called Mediregs.[32]  The Mediregs system is a filing system separate and apart from the legal department.[33]  Ms. Wilson, without receiving any material advice from the legal department or ANTHC's outside counsel, worked on the matter.[34]  As with other compliance issues, Ms. Wilson worked independently with employees who raised concerns, and reported those concerns to executives within ANTHC.

Besides the pharmacy billing issue, which is the only issue addressed in ANTHC's motion, Ms. Wilson worked on the following issues, all of which are included in the complaints:  (1) billing for oncology services provided by nurses;[35]  (2) billing for unauthenticated orders;[36]  (3) billing for unauthenticated orders related to the admission of newborn babies;[37]  (4) billing for improper reference lab orders;[38]  (5) billing related to known electronic health record system errors;[39]  (6) improper retention of meaningful use

[31]     *Id.*

[32]     *Id.*

[33]     *Id.*

[34]     *Id.*

[35]     Dkt. 49 at 7, ¶ 23.

[36]     *Id.* at 8-9, ¶ 26.

[37]     *Id.* at 9, ¶ 27.

[38]     *Id.* at 10, ¶ 30.

[39]     *Id.* at 11, ¶ 31.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 8 of 32

Case 3:16-cv-00195-TMB   Document 57   Filed 12/13/18   Page 8 of 32

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

funds;[40] (7) billing for charges related to Pyxsis;[41] and (8) billing practices related to off campus care.[42]   Ms. Wilson's office had open files for each of these issues, and she discussed the same with ANTHC executives.[43]

**April & May 2016.**   ANTHC, through its CEO Roald Helgesen, commended Ms. Wilson in an April 1, 2016 letter and awarded Ms. Wilson a salary increase.[44]  Under ANTHC employment standards, salary increases are only awarded when an employee meets all job expectations.   Mr. Helgesen's letter stated that ANTHC appreciated Ms. Wilson's "dedication to our vision that Alaska Native people are the healthiest people in the world," and commended Ms. Wilson for her "efforts each day" that moved ANTHC "toward that goal."[45]   ANTHC increased Ms. Wilson's salary, effective March 20, 2016.[46]

Days after Mr. Helgesen's letter, Mr. Helgesen confirmed his personal commitment to Ms. Wilson's service to ANTHC.[47]   This personal conversation took place on April 22, 2016 regarding Ms. Wilson's concerns about ANTHC's compliance

---

[40]     *Id.* at 11-13.

[41]     *Id.* at 14, ¶ 37.

[42]     *Id.* at 14-15, ¶ 38.

[43]     Wilson Decl. at 4-5, ¶ 6.

[44]     *Id.* at 6, ¶ 8.

[45]     *Id.*; Exhibit E, Letter from Roald Helgesen to Joan Wilson, April 13, 2016.

[46]     Exhibit E.

[47]     Wilson Decl. at 6-7, ¶ 9.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 9 of 32

Case 3:16-cv-00195-TMB   Document 57   Filed 12/13/18   Page 9 of 32

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

with privacy laws.[48]  On May 1, 2016, Mr. Helgesen texted Ms. Wilson that he agreed with her request to obtain out-of-state training for one of Ms. Wilson's employees, with the hope that the increased knowledge could protect patient safety.[49]  This request was just one of Ms. Wilson's concerns.

During this same time period, Ms. Wilson voiced concerns about all of the issues outlined above, and had a very tense disagreement with ANTHC's legal department regarding an external security risk assessment completed by an outside auditor.[50]  That auditor completed the assessment at the request of the Chief Information Office and the Compliance Department, not at the request or commission of the legal department.[51]  In fact, the legal department declined the opportunity to participate in the audit, including interviews with auditors.[52]

The auditor determined ANTHC to be at risk of an intrusion to its information network (including protected health information), concluded ANTHC was unprepared to deal with any similar issue, and found that ANTHC was at risk for violating patient privacy laws.[53]  Only after ANTHC received the audit did its legal department attempt to

---

[48]  *Id.*

[49]  *Id.*

[50]  *Id.* at 7, ¶ 10.

[51]  *Id.*

[52]  *Id.*

[53]  *Id.* at 7-8, ¶ 11.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 10 of 32

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

assert the attorney-client privilege over the document.[54]  Ms. Wilson objected to the legal department's attempt to assert an after-the-fact privilege claim, designed to hide the document from outside officials, including the Office of Civil Rights.[55]

ANTHC fired Ms. Wilson on May 6, 2016.[56]  The termination occurred days after Ms. Wilson voiced her objection to the ANTHC CEO regarding his decision to exclude her from a Medicaid reform and expansion meeting to discuss billing plans for a third payer.[57]  Ms. Wilson needed to be at the meeting as the Ethics Officer, responsible for assuring ANTHC's compliance with state and federal laws and ANTHC policies regarding billing practices.[58]  Prior to her termination, Ms. Wilson had also informed Mr. Helgesen about the legal department's attempt to assert a privilege over the audit.[59]

## C.  Facts Related to Ms. Wilson's Post-Termination Conduct.

ANTHC's suggestion that Ms. Wilson misappropriated ANTHC's computers is wrong.  Ms. Wilson took both of her computers home on May 5, 2016 because she had a pre-arranged vacation day on May 6, 2016.[60]  Because of her job, Ms. Wilson often worked from home on her days off, and routinely took her computers home during

---

[54] *Id.*

[55] *Id.*

[56] *Id.* at 9-10, ¶ 14.

[57] *Id.* at 8-9; Exhibit F, Appeal letter to ANTHC Board of Directors from Joan Wilson, May 20, 2016.

[58] Wilson Decl. at 8-9, ¶ 13; Exhibit F.

[59] Exhibit F.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 11 of 32

planned time off and on the weekends.[61]  ANTHC called Ms. Wilson into work on May 6, 2016 for a meeting.[62]  Ms. Wilson had no idea ANTHC intended to terminate her at the meeting, and did not bring the computers back to work on that day.[63]  Ms. Wilson informed Mr. Helgesen that she would make the computers available to a courier, if and when ANTHC made such arrangements to pick the computers up from her home.[64]

After being terminated, Ms. Wilson sought reinstatement, and followed the internal ANTHC procedures related to employment grievances.[65]  Ms. Wilson also contacted individuals affiliated with the HCCP Rules and inquired with them regarding her obligations and duties.  She also discussed her termination with individuals at Southcentral Foundation, ANTHC's partner in the Alaska Native Medical Center.[66]  Ms. Wilson believed that the ANTHC Board would reinstate her, based on the

---

[60]    Wilson Decl. at 9-10, ¶ 14.

[61]    *Id.*

[62]    *Id.*

[63]    *Id.*

[64]    Exhibit G, Emails to and from Danielle Ryman and Joan Wilson, May 25 & 26, 2016.

[65]    Wilson Decl. at 10, ¶ 15.  For example, ANTHC Board of Directors Dispute Resolution Policy, ANTHC Policy No. 01-2059, entitled Ms. Wilson to certain procedures, including a formal dispute resolution.  Exhibit H, ANTHC Board of Directors Dispute Resolution Policy No. 01-2059, Dec. 30, 2016.

[66]    Wilson Decl. at 10-11, ¶ 16.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 12 of 32

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

importance of her job, her performance, and the wrongful nature of her termination.[67] Pursuant to ANTHC's formal resolution process, Ms. Wilson submitted an appeal to the ANTHC Board on May 20, 2016.[68] The ANTHC Board did not immediately respond to Ms. Wilson's appeal, or acknowledge that it received the document.

Ms. Wilson's appeal explained the special requirements of her job, citing to ANTHC policies and the HCCP Rules, and detailed Ms. Wilson's right and obligation to disagree with unprofessional and unethical conduct (including fraud) and to report the conduct when required by law.[69] Ms. Wilson explained that she believed ANTHC terminated her in part for her reports related to improper billing and the failure to return overpayments, in violation of state and federal law and OIG precedent.[70] Ms. Wilson also cited to several statutes that protected her conduct, and stated that ANTHC had subjected itself to various state and federal claims, including False Claims Act liability "if not immediately rectified."[71] In fact, Ms. Wilson explicitly told the ANTHC Board that if it did not reinstate her, Ms. Wilson intended to "pursue all remedies under the law and

---

[67] https://www.southcentralfoundation.com/about-us/history/ (explaining that Southcentral Foundation and ANTHC operate the Alaska Native Medical Center under a Joint Operating Board).

[68] Wilson Decl. at 10, ¶ 15; Exhibit F.

[69] Exhibit F at 1-2.

[70] *Id.* at 2.

[71] *Id.* at 5.

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

through all means possible to reclaim my position and prevent further wrongdoing."[72] The ANTHC Board did not immediately respond to the appeal.[73]

Instead, ANTHC retained an attorney to obtain the two computers in Ms. Wilson's possession.[74]  On May 25, 2016, that lawyer contacted Ms. Wilson in writing.[75] Ms. Wilson told that lawyer that she did believe one of the computers could not be returned, as it constituted evidence of crime.[76]  Following that conversation, Ms. Wilson contacted the State of Alaska Medicaid Fraud Control Unit and reported her concerns regarding ANTHC.[77]  Ms. Wilson reasonably believed that she needed to report her disclosure to the entities was necessary to prevent, mitigate, or rectify the past and ongoing substantial financial injury resulting from ANTHC's violations of state and federal law.  The computer became subject to a court-issued warrant, and was eventually returned to ANTHC, pursuant to ANTHC's own admissions.[78]

---

[72]   *Id.*

[73]   Wilson Decl. at 11, ¶ 17.

[74]   Dkt. 37 at 6, ¶ 16.

[75]   *Id.*; Exhibit G.

[76]   Wilson Decl. at 11, ¶ 17.

[77]   *Id.*; *see also* Exhibit I, Email from Joan Wilson to Andrew Peterson, June 6, 2016, enclosing copy of the Board appeal.

[78]   Dkt. 37 at 7, ¶ 19.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 14 of 32

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

At about that same time, Richard Monkman, an attorney representing ANTHC in this case, contacted Ms. Wilson regarding her Board appeal.[79]   According to Mr. Monkman, the ANTHC Board did not want to meet with Ms. Wilson "yet," and sent Mr. Monkman to meet with Ms. Wilson instead.[80]  Following that meeting, Ms. Wilson provided additional information to Mr. Monkman, and asked him to provide it to the Board.[81]  Ms. Wilson's May 31, 2016 letter detailed additional and unlawful behavior by ANTHC executives in violation of federal and state law, and internal ANTHC policies.[82] Ms. Wilson also detailed serious allegations regarding the biased and conflicted nature of Mr. Helgesen, Nacole Heslep, and others.[83]  According to Ms. Wilson, those individuals and others have serious conflicts of interest based on their role in some of the alleged unlawful conduct.[84]  Ms. Heslep filed an affidavit in support of ANTHC's motion.[85]

Ms. Wilson and Dr. Paul Franke filed a Complaint, alleging violations of the False Claims Act and state employment claims in August 2016.  Pursuant to applicable rules,

---

[79]     Wilson Decl. at 11-12, ¶¶ 18-19; Exhibit J, Emails to and from Richard Monkman and Joan Wilson, May 27 & 31, 2016.

[80]     *Id.*

[81]     Exhibit J.

[82]     Exhibit K, Supplemental Appeal (redacted), May 31, 2016.

[83]     *Id.*

[84]     *Id.*

[85]     Dkt. 37.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 15 of 32

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

the Complaint remained under seal.  The Department of Justice provided notice to the Court that it declined to intervene in December 2017.[86]

## IV.  ARGUMENT.

### A.  The Information Provided to the Department of Justice and Described in Pleadings is not Protected by the Attorney-Client Privilege.

ANTHC makes general claims that Ms. Wilson violated her ethical obligations to ANTHC by disclosing documents protected by the attorney-client privilege, and other confidentiality restrictions.  ANTHC is wrong.

First, Ms. Wilson's description of the pharmacy billing issue is not protected by the attorney-client privilege.  The purpose of the attorney-client privilege is to "[e]ncourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."[87]  For the attorney-client privilege to apply, eight elements must be satisfied:

> (1) legal advice must be sought, (2) from a professional legal advisor in his or her legal capacity, (3) the communications must relate to that legal advice, (4) they must be made in confidence, (5) by the client or the attorney, (6) the privilege is asserted by the client, (7) from disclosure by the client or the attorney, and (8) the protection must not be waived.[88]

---

[86]  Dkt. 12.

[87]  *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981).

[88]  *U.S. v. Graf,* 610 F.3d 1148, 1156 (9th Cir. 2010); *see also Upjohn Co.,* 449 U.S. at 384 ("Confidential communications from the attorney back to the client, in the form of advice, are also protected.").

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 16 of 32

ANTHC argues that the description of the pharmacy billing matter in the Complaint violates the privilege, but fails to explain how. As explained above, ANTHC admits that it received contrary and confusing advice from regulators, making clear that the facts articulated in the Complaints do not satisfy the elements above. Moreover, Ms. Wilson did not provide any document that described ANTHC's legal opinion regarding the issue. She revealed only the facts, well-known to ANTHC employees and outside regulators.

In an attempt to bolster its misplaced privilege claim, ANTHC argues that the pharmacy billing matter is the "centerpiece" of the Second Amended Complaint.[89] That too is incorrect. The pharmacy billing matter is one of eight issues outlined in the Complaint. The centerpiece for Ms. Wilson is not the few paragraphs that describe the facts (but not legal advice or representation) related to the pharmacy billing issue, but instead the retaliation she suffered as a result of fulfilling her obligations as the Ethics Officer.

Second, in attachments to the ANTHC motion, ANTHC's attorneys and a paralegal allege additional violations of the attorney-client privilege. Through an affidavit by Martina Ruhle, an ANTHC legal specialist, ANTHC alleges additional confidentiality and privilege violations by Ms. Wilson. None of Ms. Ruhle's statements

---

[89]     Dkt. 33 at 11.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 17 of 32

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

describe the elements necessary to establish that the documents are protected by the attorney-client privilege.

For example, Ms. Ruhle states that 435 unidentified documents "could be characterized as having attorney-client privileged information or falling within the attorney work product rule."[90]  But it is well-established that a notation that a document is privileged, made at the direction of ANTHC's legal department or even containing the phrase "legal opinion requested" is not the determining factor.  "It is the content of the communication that determines whether the privilege applies. What would otherwise be routine, non-privileged communications between corporate officers or employees transacting the general business of the company do not attain privileged status solely because in-house or outside counsel is 'copied in' on correspondence or memoranda."[91]  "The mere fact that a communication is made directly to an attorney, or an attorney is copied on a memorandum, does not mean that the communication is necessarily privileged."[92]  A party cannot insert the legal department into a business activity in order to conceal the activity.[93]

---

[90]     Dkt. 36 at 3.

[91]     *F.C. Cycles Intern., Inc. v. Fila Sport, S.p.A.*, 184 F.R.D. 64, 71 (D. Maryland 1998) (citing *United States Postal Service v. Phelps Dodge Refining Corp.*, 852 F. Supp. 156, 163-64 (E.D.N.Y. 1994)).

[92]     *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 403-04 (8th Cir. 1987).

[93]     *SCM Corp. v. Xerox Corp.*, 70 F.R.D. 508, 515 (D. Conn. 1976) "[l]egal departments are not citadels in which public, business or technical information may be placed to defeat discovery and thereby ensure confidentiality."  *Rhoads Indus., Inc. v.*

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

Ms. Ruhle also states that a confidential joint defense agreement between ANTHC and a third party (Southcentral Foundation) is privileged.[94] But Ms. Heslep describes the joint defense agreement at length in *Southcentral Foundation v. ANTHC*, case number 3:17-cv-00018-TMB.[95]

Ms. Ruhle also identifies the existence of "[s]tatutes, regulations, laws, cases, research" in documents provided to the Department of Justice, which only establish that Ms. Wilson took her Ethics Officer job seriously, and gathered relevant information.[96] As evidenced by Ms. Wilson's submissions to the ANTHC Board, various statutes provided Ms. Wilson direction and guidance.

ANTHC has failed to establish that any information disclosed by Ms. Wilson violated the attorney-client privilege or the work product rule. This Court should disregard arguments that suggest otherwise.

---

*Bldg. Materials Corp. of Am.*, 254 F.R.D. 238, 240-41 (E.D. Pa. 2008) (finding that each individual email within a string is a separate document that, if withheld, should be separately logged); *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 671 (D. Kan. 2005) (same); *Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, No. C 07–1359 PJH (JL), 2008 WL 4547190, at *1 (N.D. Cal. Oct. 10, 2008) ("Each e-mail is a separate communication, for which a privilege may or may not be applicable. Defendants cannot justify aggregating authors and recipients for all e-mails in a string and then claiming privilege for the aggregated e-mails").

[94] Dkt. 36 at 3.

[95] *See Southcentral Foundation v. ANTHC*, 3:17-cv-00018-TMB at Dkt. 106, ¶ 6. The joint defense agreement is also discussed at Dkt. 21 in that same case, and presumably other pleadings.

[96] Dkt. 36 at 3.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 19 of 32

### B. Ms. Wilson Did Not Violate Rule 1.9.

#### 1. Ms. Wilson did not violate Rule 1.9(a).

ANTHC argues that filing a False Claims Act complaint against a former client automatically implicates Rule 1.9(a). However, "to the extent that state law permits a disclosure of client confidences, such as to prevent a future or ongoing crime or fraud, then the attorney's use of the *qui tam* mechanism to expose that fraud should be encouraged, not deterred."[97] None of the cases cited by ANTHC in support of its argument match the facts presented in this case -- where an attorney relator / plaintiff based her claims on non-privileged information in a non-representative capacity.

ANTHC's analysis glosses over the crucial fact that Ms. Wilson does not represent any party in this case (not to mention any party adverse to ANTHC) and instead is an individual plaintiff asserting claims. There is no violation of Alaska Rule of Professional Conduct 1.9(a) unless a lawyer "represent[s] another person[.]"[98] The cases cited by ANTHC make this clear.

For example, ANTHC cites to *Trone v. Smith*, a 1980 Ninth Circuit case, in support of its argument that a matter is "substantially related" for the purpose of

---

[97]     *U.S. ex rel. Doe v. X Corp.*, 862 F. Supp. 1502, 1507-08 (E.D. Va. 1994).

[98]     Alaska R. Prof. Conduct 1.9(a).  ANTHC grounds its attempt to disqualify Ms. Wilson and dismiss the complaint by arguing that Ms. Wilson represents (or represented while the False Claims Act fraud claims existed) the United States in the *qui tam* complaint.  But the *qui tam* complaint is no longer the operative complaint in this

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 20 of 32

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

determining whether the duty of loyalty applies when the facts of the two matters are similar or related.[99] But the *Trone* case makes clear that the "substantially related" analysis applies when an attorney accepts "representation adverse to a former client."[100] Similarly, in *U.S. for Use and Benefit of Lord Elec. Co. v. Titan Pac. Const. Corp.*, the court disqualified an attorney because the attorney represented a party adverse to a former client.[101] Ms. Wilson does not represent any party in the instant case.

The same is true for the Alaska cases. ANTHC cites extensively to state cases addressing the application of Rule 1.9(a). Those cases apply the analysis under Rule 1.9(a) to an attorney who represents a party that is adverse to its former client.[102] While it is true that the Alaska Supreme Court endorses a broader test regarding the interpretation and application of a "substantially related" case under Rule 1.9(a), that

---

proceeding, supplanted by the Second Amended Complaint, filed with the permission and at the direction of this Court. Dkt. 48. *See also* Dkt. 56.

[99] 621 F.2d 994, 998 (9th Cir. 1980).

[100] *Id.* The same analysis applies in *Achter v. Weyerhauser Co.*, 1995 WL 302406 (N.D. Cal. May 15, 1996), a case addressing a factual scenario that relates more to Rule 1.9(b). Those facts are not present here. By ANTHC's own admission, Ms. Wilson works for the State of Alaska, as an assistant attorney general. Dkt. 33 at 4; Wilson Decl. at 1-2, ¶ 1.

[101] 637 F. Supp. 1556, 1560-62 (W.D. Wash. 1986) (explaining that the attorney disqualified represented the plaintiff in the case).

[102] *Richard B. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 71 P.3d 811, 818 (Alaska 2003) (involving an attorney in connection with his representation of a client); *Moore v. Olson*, 351 P.3d 1066, 1072 (Alaska 2015) (same); *Griffith v. Taylor*, 937 P.2d 297, 301 (Alaska 1997) (same); *Burrell v. Disciplinary Bd. of Alaska Bar Ass'n*, 702 P.2d 240 242 (Alaska 1985) (same).

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 21 of 32

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

analysis still only applies in the context of an attorney's representation of a party adverse to a former client. Those facts are not present here.[103]

ANTHC also cites to several cases for the general argument that the duty of loyalty precludes attorney relators from making claims under the False Claims Act. But the cases cited by ANTHC do not support this general application and are all factually distinct from Ms. Wilson's situation.

In *United States v. Quest Diagnostics, Inc.*, a New York federal case, the trial court disqualified an attorney relator (and others) primarily because the claims stemmed from an over disclosure of confidential information an attorney obtained as general counsel of a company.[104] The lawyer relator in the *Quest* case reached a conclusion in his position as general counsel that the company had violated federal law related to health care services.[105] The trial court determined that the attorney relator's disclosures in connection with the complaint "went beyond what was reasonably necessary" to prevent the fraud.[106] That finding stemmed from the relator's inclusion of documents and other evidence that dated back to 1996, nine years before the relator filed a complaint in 2005.[107]

---

[103] *Moore*, 351 P.3d at 1072-73.

[104] 734 F.3d 154, 157-58 (2d. Cir. 2013).

[105] *Id.* at 160.

[106] *Id.* at 165.

[107] *Id.*

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 22 of 32

Although the trial court determined that the attorney relator violated a duty of loyalty owed under a New York ethics rule that is nearly identical to Rule 1.9(a) in Alaska, the *Quest* court on appeal only addressed the issue of whether the attorney relator could be disqualified for using confidential information under Rule 1.9(c).[108] The *Quest* court did not find that an attorney relator is automatically disqualified. Instead, it held that ethics rules like Rule 1.9 and others must be interpreted and applied to "balance the federal interests at stake," which includes the desire to end fraud perpetrated against the government.[109] As such, an attorney relator should only disclose the confidential information necessary to prevent the company from committing a crime.[110] Citing to the other relators' admissions that the information from the attorney was not necessary to establish the fraud (or that it could have been limited substantially), the *Quest* court determined the attorney relator violated the ethics rules, and upheld the trial court's decision to disqualify the relator.[111]

The same is not true here. First, as established above, the information Ms. Wilson provided to the Department of Justice is not confidential information. Second, Ms. Wilson provided the information in the context of her job as the Ethics Officer. Unlike the attorney relator in *Quest*, Ms. Wilson did not serve as general counsel of

---

[108] *Id.*

[109] *Id.* at 163.

[110] *Id.* at 164.

[111] *Id.* at 165.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 23 of 32

ANTHC, or provide information obtained during her work as a Sonosky attorney. Instead, Ms. Wilson provided basic and general facts known to state and federal regulators regarding ANTHC's pharmacy billing, all of which were contained in the files of ANTHC's own compliance department.

ANTHC's reliance on other False Claims Act cases is similarly misplaced. In *U.S. ex rel. Doe v. X Corp*., a Virginia federal court determined that a former in-house attorney could serve as a relator, but could not use documents or information in those documents in connection with his *qui tam* complaint.[112] The facts in the *X Corp* case are complicated and convoluted, making the case inapplicable to the straightforward issue here. In *X Corp*, the attorney relator's employer obtained an injunction that precluded the attorney from using information (confidences and secrets), and required the Department of Justice to return the relator's complaint and written disclosure statement.[113] Because the attorney relator relied on information subject to an injunction, the *X Corp* court found that he could not serve as a relator.[114] Importantly, however, the *X Corp* court found that neither the relator's "status as an attorney" nor his "use of a letter referencing the material in the complaint as his 'written disclosure'" barred him from serving as a relator.[115]

---

[112]  862 F. Supp. 1502, 1508-10 (E.D. Va. 1994).

[113]  *Id.*

[114]  *Id.* at 1509-10.

[115]  *Id.* at 1510.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 24 of 32

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

None of the facts in *X Corp* are present here. The same is true of *U.S. ex rel. Holmes v. Northrup Grumman Corp.*, another case cited by ANTHC, in which a court disqualified an attorney relator because the court addressed the disqualification of an attorney as a relator based on the attorney's violation of a protective order in a separate arbitration, a violation of a conflict of interest (based on concurrent representation) and the attorney's lack of candor to the court.[116] None of these facts are present here.

Contrary to ANTHC's arguments, lawyers, including Ms. Wilson, are permitted to assert personal rights in lawsuits where they might be forbidden to represent other parties. *Doe v. A Corp.*, a Fifth Circuit case, the court explained, citing to an American Bar Association opinion, that it would be a "manifest injustice to allow the client to take advantage of the rule of exclusion as to professional confidence to the prejudice of his attorney, or that should it be carried to the extent of depriving the attorney of the means of obtaining or defending his own rights."[117] The *Doe* court provided several examples of instances when an attorney could advance his or her own interests without violating ethical rules.[118] This includes allowing a lawyer to sue a former client (a corporation) as a party because the lawyer held stock in the corporation.[119] The *Doe* court explained that

---

[116] *U.S. ex rel. Holmes v. Northrop Grumman Corp.*, 642 F. App'x 373, 377 (5th Cir. 2016).

[117] *Doe v. A Corp.*, 709 F.2d 1043, 1049 (5th Cir. 1983) (internal citations omitted).

[118] *Id.*

[119] *Id.* at 1049.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 25 of 32

the lawyer was "disqualified" from "appearing as a lawyer in the action," but could maintain the action in his personal capacity.[120]

Similarly, in *Wadler v. Bio-Rad Laboratories, Inc.*, Northern District of California held that claims that stem from (potentially) confidential or privileged relationships are not automatically barred.[121]  Citing to the *Doe* case, the court agreed that a lawyer does not forfeit his rights just because he must utilize confidential information.[122]  In *Wadler*, a discrimination case, the court allowed the plaintiff attorney latitude to establish retaliation.[123]

Finally, ANTHC argues that Ms. Wilson violated Rule 1.9(a) because she actively represented ANTHC during her tenure as the Ethics Officer.  At Docket 56, the Department of Justice confirmed that Ms. Wilson did not represent the United States.  In fact, Ms. Wilson did not represent ANTHC at any time during her tenure as the Ethics Officer, as explained at length in her declaration.[124]

### 2.  Ms. Wilson did not violate Rule 1.9(c).

ANTHC argues that Ms. Wilson violated Rule 1.9(c) because she purportedly revealed ANTHC's confidences and secrets.  But, as established above, Ms. Wilson did

---

[120]    *Id.* (internal citations omitted).

[121]    212 F. Supp. 3d 829, 847 (N.D. Cal. 2016).

[122]    *Id.* (internal citation omitted).

[123]    *Id.*

[124]    Wilson Decl. at 13-15, ¶¶ 22-23.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 26 of 32

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

not disclose confidential information. The information in the complaints, including the Second Amended Complaint, reveal information that is publicly known by state and federal regulators, per ANTHC's own actions. Rule 1.9(c)(1) makes clear that a lawyer can use information that is "generally known."

Additionally, Rule 1.9(c) allows an attorney to disclose information as permitted by ethics rules. Accordingly, a lawyer may reveal confidences and secrets to the extent that the lawyer reasonably believes it is necessary "to prevent, mitigate, or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services."[125]

Regardless of the confidential nature of the information, Ms. Wilson was entitled to reveal ANTHC's improper billing practices and improper use of federal funds under Alaska Rule of Professional Conduct 1.6(b)(3), as she intended to prevent, mitigate, or rectify the injury from ANTHC's fraudulent actions.

Ms. Wilson's decision to report ANTHC's conduct is not a violation of the rules of professional conduct.[126] The allegations in the complaints clearly demonstrate a substantial injury and conduct precluded by federal and state statutes. Ms. Wilson detailed those statutes in her letters to the ANTHC Board to include violations of:

---

[125]      Alaska R. Prof. Conduct 1.6(b)(3).

[126]      *Pederson v. Barnes*, 139 P.3d 552, 557 (Alaska 2006).

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 27 of 32

- the Patient Protection and Affordable Care Act of 2010, § 1558;[127]

- 45 C.F.R. § 160.316;[128]

- OIG guidance regarding fraud, waste, abuse and mismanagement reporting to Indian Health Services;[129]

- the False Claims Act;[130] and

- crimes that subject ANTHC to United States Sentencing Commission, Federal Sentencing Guidelines § 8B2.1(a)(1) and (a)(2).[131]

The lengthy complaints in this case detail additional laws that Ms. Wilson believes ANTHC violated.[132] Ms. Wilson reasonably believed that disclosure of the information related to ANTHC's violation of federal law to the appropriate state and federal authorities, and ultimately the filing of the *qui tam* complaint as explicitly authorized by federal statute, were reasonably necessary to prevent, mitigate, or rectify the past and ongoing substantial financial injury resulting from ANTHC's violations. Importantly, Ms. Wilson's disclosure of information on the ANTHC computer is not a violation of any ethics rules, as a disclosure "to comply with . . . a court order" is explicitly allowed under 1.6(b)(6).

---

[127]    Exibit F at 4, n.4.

[128]    *Id.*

[129]    *Id.*

[130]    *Id.* at 5.

[131]    Exhibit K at 4.

[132]    Dockets 1, 15, 22-1, 28-2, & 49.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 28 of 32

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

ANTHC summarily states that Ms. Wilson disclosed more documents than necessary to reveal ANTHC's fraud, and complains that Ms. Wilson sought to profit from filing her complaint as a relator. First, ANTHC has no idea what Ms. Wilson said or did not say to investigators during interviews. Moreover, ANTHC has identified over 800 documents that Ms. Wilson and Dr. Franke did **not** provide to the Department of Justice.[133] Second, ANTHC's arguments ignore several important undisputed facts: (1) Ms. Wilson repeatedly attempted to get ANTHC to change its billing practices to comply with the law;[134] (2) after being wrongfully terminated, Ms. Wilson sought reinstatement before making any reports to federal and state agencies, repeatedly stating her intent to "return to work immediately and resolve the many compliance concerns I have attempted to bring forward;"[135] and (3) after the federal government declined to intervene, Ms. Wilson and Dr. Franke dismissed the fraud claims and are only pursuing employment claims. ANTHC's arguments are simply unsupported.

## C. Ms. Wilson Did Not Abuse the Judicial Process.

There is no evidence that Ms. Wilson violated professional conduct, acted in bad faith or misappropriated ANTHC documents and secrets. ANTHC's arguments are unsupported as explained in Ms. Wilson's declaration, and the repeated appeals she made to the ANTHC Board for reinstatement.

---

[133]     Dkt. 36 at ¶ 4.

[134]     Wilson Decl. at 3-4.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 29 of 32

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

In support of its argument for sanctions, ANTHC cites extensively to *Xyngular Corp. v. Schenkel*, a 2018 case decided by the Tenth Circuit.[136]  The *Xyngular* case is not factually similar to this case, and establishes why sanctions are **not** available here.  The *Xyngular* plaintiff, unlike Ms. Wilson, did not file a False Claims Act claim, or report fraud to federal and state agencies.  The *Xyngular* plaintiff, an employee, stole documents from the company by convincing another employee and IT consultant to "gather documentation" that the plaintiff needed for a future lawsuit.[137]  None of those facts are present here.  Ms. Wilson discovered the fraud identified in the complaints through her work at ANTHC as the Ethics Officer.  She did not turn over the computer to the state until she received a warrant for it.

The *Xyngular* court, like most other courts that apply sanctions, looked to several factors to determine sanctions, including those in Federal Civil Rule 37.  But prelitigation sanctions, including the dismissal of a case for allegations of bad faith, are rare.  Here, there is no conduct justifying any sanction.  ANTHC's arguments are without merit.

---

[135]    Exhibit F at 5.

[136]    890 F.3d 868 (10th Cir. 2018).

[137]    *Id.* at 871.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 30 of 32

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

### D. There is no Basis to Disqualify Ms. Wilson, Dr. Paul Franke or Dillon & Findley.

This Court should reject ANTHC's arguments that Ms. Wilson and Dillon & Findley should be disqualified because ANTHC is wrong that there were violations of the ethics rules.

ANTHC first argues that Dillon & Findley should be disqualified in a footnote in its conclusion under Alaska Rule of Professional Conduct 8.4, which states, in part, that it is "unprofessional misconduct for a lawyer to (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another." As outlined at length above, Ms. Wilson did not violate the rules. As such, Dillon & Findley did not violate any rules.

ANTHC also argues that Dillon & Findley should be disqualified under Rule 1.16(a), which states, in part, that a "lawyer shall not represent a client or, where the representation has commenced, shall withdraw from the representation of a client if: (1) the representation will result in violation of the rules of professional conduct or other law." No such violations have occurred.

Finally, and without any support, ANTHC seeks disqualification of Dr. Paul Franke, the other plaintiff in this. There is no basis for this request.

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 31 of 32

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

# CONCLUSION

For the reasons explained here, and in the attached declaration, this Court should deny ANTHC's motion.

DATED this 13th day of December 2018, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.
Attorneys for Plaintiffs

By: s/Molly C. Brown
     Molly C. Brown, ABA No. 0506057
     1049 W. 5th Avenue, Suite 200
     Anchorage, Alaska 99501
     Phone: 277-5400
     Fax: 277-9896
     Email: molly@dillonfindley.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2018 a copy of the foregoing Plaintiffs' Opposition to Motion to Disqualify served electronically through the CM/ECF system on Nicholas C. Perros, Richard L. Pomeroy, and Richard D. Monkman.

s/Molly C. Brown

PLS.' OPP'N TO MOT. TO DISQUALIFY
*Joan Wilson & Paul Franke, M.D. v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:16-cv-00195-TMB
Page 32 of 32